UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:20 CR 121 SEP |
| | ) | |
| MARK ANTHONY DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.   PARTIES:**

The parties are the defendant MARK ANTHONY DAVIS, represented by defense counsel Kevin Gau, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I, II, and III of the charge, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's Production of Child Pornography and Possession of Child Pornography between October 1, 2019, and January 16, 2020, of which the Government is aware at this time.

In addition, the parties agree that the U. S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.

1

The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to:

      a.      a Black Skytech Tower AMD Ryzen 5 desktop computer;

      b.      a Black and Red 16GB Scan Disk Flash Drive;

      c.      an Xbox 360s console;

      d.      LG 24" computer monitor;

      e.      sex bondage equipment, sex swing, leg restraints, whip, condoms, bottles of lubricant;

      f.      pink dildo, rubber/plastic vagina, red vibrator;

      g.      Seagate Barracuda hard drive;

      h.      Samsung Galaxy Note 9;

      i.      GE X600 Digital camera;

      j.      HC Micro SD Card with adapter;

      k.      Samsung Chromebook;

      l.      Adapta Micro SD card with adapter;

      m.      Black zip ties;

      n.      SanDisk Thumb Drive; and

      o.      SentrySafe safe.

The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 3.   ELEMENTS:

As to Counts I and II, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) said visual depiction was produced using materials that have been transported in interstate or foreign commerce.

As to Count III, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of  Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce.

4.    **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On January 16, 2020, during a forensic interview, ten-year old K.D. said that defendant had been sexually abusing her at his residence in Clark County, Missouri, which is in the Eastern District of Missouri.  K.D. said defendant restrained her using handcuffs, zip ties and a belt while he sexually abused her in his bedroom at the residence. He tried to vaginally rape her while she was restrained as she pleaded for him to stop and tried to push him away with her elbows. Instead of stopping he kept telling her that he was almost there. Then he turned her over on his bed and anally raped her. K.D. said that when it was over, she would go to the bathroom and she was bleeding. She said that during the sexual contact he used a slippery substance and told her it was to allow him to slide in better without causing her pain and discomfort. K.D. said defendant sexually assaulted her since she was eight years old. She said that defendant would record the assaults with a digital camera and his cell phone.

Defendant moved from his residence in Missouri to his girlfriend's residence in Iowa. He was later arrested on a State of Missouri arrest warrant. After defendant was arrested, Lindsey Jackson contacted defendant's girlfriend, Shayla Anderson. Anderson was at the apartment where defendant was staying in Iowa. Together they searched the apartment. They took several cord-like devices, two bottles of lubricant, a dildo, a rubber/plastic vagina, a vibrator, condoms, bondage items (sex swing, leg restraints, whip), a Skytech Tower AMD Ryzen 5 1600 8GB computer, LG 24" computer screen, 16GB SanDisk thumb drive, and an Xbox 360s. Jackson took the items to the Clark County Sheriff's Department. Police obtained a valid search warrant to search the seized

4

items. specifically: a Skytech Tower AMDRyzen 5 1600 8GB; a SanDisk Cruzer Glide 16 GB flash drive. and an Xbox 360.

Additionally. a valid search warrant was obtained for defendant's Missouri residence. Although items in the residence had been removed. officers located 3 cut zip ties, and bottles of lubricant in a trash can. Also. an Xbox 360S was located in the residence and seized.

A search warrant was also obtained for 301 N. Adams St., Mount Pleasant. Iowa (the address where defendant had been residing). Officers executed the search warrant and seized the following:

1. GE Digital camera with attached 8 GB micro SD card;

2. SD card and adapter with 32GB micro SD card;

3. Samsung Chromebook;

4. Black zip tie;

5. Gray Sentry safe.

A search warrant was then obtained to search the Sentry safe. Search warrants were also obtained for defendant's Microsoft OneDrive account and Google account.

On February 6, 2020. defendant's mother, Roberta Elston, provided defendant's Samsung Galaxy Note 9 cell phone and password to Lee County, Iowa, Sheriff's Office. The phone was transferred to the Clark County Sheriff's Office and a search warrant was obtained to search its contents.

Det. Steven Feeney, ICAC, forensically examined the Seagate Barracuda hard drive that had been contained in the Spytech Ryzen 5 Desktop computer. Det. Feeney located a video 51 minutes, 15 seconds in length of defendant sexually abusing K.D. In the video, handcuffs were seen on the nightstand near the bed. During the video, defendant inserted his penis into K.D.'s mouth. During the abuse, he setup another camera and appeared to be taking a closeup of K.D.'s vagina. He then performed oral sex on her and made her perform oral sex on him. He inserted a sharpie marker into

5

her vagina. He inserted his penis into her vagina. Defendant placed plastic wire ties on her ankles and connected them to the corner posts of the bed. He placed handcuffs on her hands. Defendant forced his penis into her mouth. Next, he inserted a vibrator into her vagina. Defendant then forced his penis into her vagina. He also inserted two fingers into her vagina and grabbed the back of her head while forcing his penis into her mouth. He then made her stand up and show her vagina in the video. He then inserted his penis into her anus. Defendant made this video in the Eastern District of Missouri between December 1, 2019, and January 16, 2020.

Det. Feeney continued the forensics. He attempted to access the SanDisk Cruzer thumb drive but was unable to do so because it was encrypted.

Det. Feeney searched the Adapta micro SD card and located six deleted files. One video that was 9 minutes and 55 seconds long depicts defendant carrying 11-month-old L.D. Defendant forces his penis into L.D.'s anus as L.D. screams and cries. He then inserts his penis into L.D.'s mouth as L.D. gags. He then inserts his penis into L.D.'s buttocks and attempts to insert his penis into his anus during which time L.D. continues to cry and scream. Defendant made this video in the Eastern District of Missouri in October 2019.

Det. Feeney examined the contents of defendant's OneDrive account and Google account. He found the video of defendant's abuse of K.D., described above.

The SanDisk brand 16GB thumb drive was transferred to the Regional Computer Crimes Education and Enforcement Group (RCCEEG) to see if they could unencrypt the device. The forensic examiner was able to unencrypt after he discovered that the username on the device was "mark_davis19@hotmail.com" and the password was "Kaylie.nicole09." The forensic examiner located 139 video files that depict minor children, including prepubescent minor children such as infants and toddlers, engaged in sexually explicit conduct and bondage. Also located was a video

6

file that depicted defendant and K.D. Defendant knowing possessed these images and videos between October 1, 2019, and in or around January 2020

**Summary**

As to Count I, and as the defendant now admits, between December 1, 2019, and January 16, 2020, in the Eastern District of Missouri, the defendant did knowingly use and coerce "Victim 1," a prepubescent minor female under the age of 12 years, to engage in sexually explicit conduct, by knowingly video recording Victim 1 as he digitally penetrated her vagina, inserted his penis into her mouth, attempted to insert his penis into her vagina, inserted his penis into her anus, inserted an object into her vagina, tied her ankles to the foot of the bed, and placed handcuffs on her hands and attached them to the headboard of the bed, and such depictions were produced using a video recorder and defendant's Skytech Tower AMD Ryzen computer, which were produced outside the state of Missouri and, therefore, traveled in interstate commerce.

As to Count II, and as the defendant now admits, in or about October 2019, in the Eastern District of Missouri, the defendant did knowingly use and coerce "Victim 2," a minor male under the age of one year, to engage in sexually explicit conduct, by knowingly video recording himself inserting his penis into "Victim 2's" anus while the child cried, rubbed ointment on "Victim 2's" buttocks, and masturbated while holding "Victim 2," and such sexually explicit conduct was produced using a video recorder and an Adapta microSD card, which were produced outside the state of Missouri, and, therefore, traveled in interstate commerce.

As to Count III, and as the defendant now admits, between October 1, 2019, and in or around January 2020, in the Eastern District of Missouri, the defendant did knowingly possess child pornography on a SanDisk 16GB USB thumb drive, said thumb drive having been produced outside the state of Missouri, and, therefore, traveled in interstate commerce. The child pornography files that defendant knowingly possessed on the thumb drive, include, but are not limited to:

7

a) "Babyshi-Assfucked - 3y.o Rape - Full.mpg." a graphic video file that depicts, in part, a male engaged in either anal or vaginal intercourse with a prepubescent minor child;

b) "DD3.mpg," a graphic video file that depicts, in part, a naked prepubescent minor female, who appears to be a toddler, bound while being held upside down with duct tape over her mouth, as a female places clothes pins on the toddler's nipples, whips the toddler, and holds a flaming object near the toddler's vaginal area and face; and

c) "DD4.mp4," a graphic video file that depicts, in part, a female performing oral sex on a prepubescent minor female, who appears to be a toddler, then touches the toddler's genitals, and urinates on the toddler's face while holding the toddler upside down, over a toilet.

The defendant possessed more than 600 images of child pornography, where each video is considered to be the equivalent of 75 images. Some of the videos and images depicted prepubescent minor children and some portrayed children involved in sadistic or masochistic conduct or other acts of violence. The Internet is a means and facility of Interstate commerce, and defendant's smartphones were produced outside the state of Missouri and traveled in interstate commerce.

**5.   STATUTORY PENALTIES:**

As to Counts I and II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years for each count, a fine of not more than $250,000 for each count, or both such imprisonment and fine. The Court must also impose a period of supervised release of life and not less than five years. **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

As to Count III, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce.

MTD 5-17-23 imprisonment of not more than 20 years, supervised release of not less than 5 years and ~~not more~~ up to life and a fine of up to $250,000.00. KBG 5/17/23 MD

The defendant understands that the Court can impose concurrent sentences (sentences that run at the same time) or consecutive sentences (sentences that run one after the other).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than $50,000.00 if convicted of production of child pornography; and the Court may impose an assessment for each count of no more than $17,000.00 if convicted of possession of child pornography.

**Possibility of Enhanced Criminal Status:** In certain situations, defendant may be subject to a mandatory minimum sentence and a maximum sentence greater than described above. Below are some of the provisions that have increased sentences for certain prior convictions:

| | |
|---|---|
| Production of Child Pornography<br>18 U.S.C. § 2251(e) | a. One prior conviction: 25 years to 50 years<br>b. Two or more prior convictions: 35 years to life. |
| Possession or Access with the Intent to View Child Pornography<br><br>18 U.S.C. §§ 2252(b)(2) and 2252A(b)(2) | One or more prior convictions: 10 years to 20 years. |
| For certain offenses, including 2251 (relating to sexual exploitation of children). | If convicted of one of these offenses in which a minor is the victim and the person has a prior sex conviction in which a minor is a victim, the |

| 18 U.S.C. § 3559(e) | term of imprisonment is life, unless a sentence of death is imposed. |

The defendant is pleading guilty with full knowledge of these, as well as other possibilities, has discussed the possibilities with counsel, and will not be able to withdraw the guilty plea if the Court determines that the defendant is subject to different minimum or maximum sentences than described herein.

## 6. U. S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**(1) Production of Child Pornography for Count I:**

    **(a) Base Offense Level**: The parties recommend that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

    **(b) Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

        (i) four (4) levels should be added pursuant to Section 2G2.1(b)(1)(B), because the offense involved a minor who had not attained the age of twelve years;

        (ii) four (4) levels should be added pursuant to Section 2G2.1(b)(2)(B), because the offense involved the commission of a sexual act, and defendant used force and placed Victim 1 in fear of serious bodily injury;

        (iii) four (4) levels should be added pursuant to Section 2G2.1(b)(4)(A), because the offense involved material that

10

portrays "sadistic or masochistic conduct or other acts of violence;"

    (iv)    two (2) levels should be added pursuant to Section 2G2.1(b)(5), because "the defendant was a parent, relative, or legal guardian of Victim 1, or Victim 1 was otherwise in the custody, care, or supervisory control of defendant."

**(2)**      **Production of Child Pornography for Count II:**

**(a)**      **Base Offense Level**: The parties recommend that the base offense level is thirty-two (32) as found in Section 2G2.1(a).

**(b)**      **Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

    (i)    four (4) levels should be added pursuant to Section 2G2.1(b)(1)(B), because the offense involved a minor who had not attained the age of twelve years;

    (ii)    four (4) levels should be added pursuant to Section 2G2.1(b)(2)(B), because the offense involved the commission of a sexual act, and defendant used force and placed Victim 2 in fear of serious bodily injury;

    (iii)    four (4) levels should be added pursuant to Section 2G2.1(b)(4)(A), because the offense involved material that portrays "sadistic or masochistic conduct or other acts of violence;"

    (iv)    two (2) levels should be added pursuant to Section 2G2.1(b)(5), because "the defendant was a parent, relative,

11

or legal guardian of Victim 2, or Victim 2 was otherwise in the custody, care, or supervisory control of defendant."

**(3)     Possession of Child Pornography for Count III:**

  **(a)     Base Offense Level**: The parties recommend that the base offense level is eighteen (18) as found in Section 2G2.2(a)(1).

  **(b)     Chapter 2 Specific Offense Characteristics**: The parties recommend that the following Specific Offense Characteristics apply:

  (i)     two (2) levels should be added pursuant to Section 2G2.2(b)(2), because "the material involved a prepubescent minor or a minor who had not attained the age of twelve years;"

  (ii)     four (4) levels should be added pursuant to Section 2G2.2(b)(4)(A), because the material portrayed "sadistic or masochistic conduct or other depictions of violence;"

  (iii)     four (4) levels should be added pursuant to Section 2G2.2(b)(4)(A), because the offense involved material that portrays "sadistic or masochistic conduct or other acts of violence;"

  (iv)     five (5) levels should be added pursuant to 2G2.2(b)(5), because the "defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor;

  (v)      two (2) levels should be added pursuant to 2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission,

12

receipt, or distribution of the material, or for accessing with intent to view the material;" and

(vi)     five (5) levels should be added pursuant to Section 2G2.2(b)(7)(D), because the offense involved "600 or more" images of child pornography, where each video is considered to be the equivalent of 75 images.

**(5)     Chapter 3 Adjustments**: The parties recommend that the following adjustments, other than acceptance of responsibility, apply:

(1)     The offense level is forty-six (46) for Count I.

(2)     The offense level is forty-eight (46) for Count II.

(3)     The offense level is ~~forty (40)~~ 36 for Count III.

MTD
5-17-23

KBG
5/12/23

(4)     Pursuant to Section 3D1.2(d), the counts do not Group.

(5)     Calculation of Units

(a)     As to Count I, pursuant to Section 3D1.4(a) (Determining the Combined Offense level), one (1) unit should be added because the offense level in Count I constitutes the highest offense level.

(b)     As to Count II, pursuant to Section 3D1.4(a) (Determining the Combined Offense level), one (1) unit should be added because the offense level is equally as serious as the offense in Count I, or from 1 to 4 levels less serious.

(c)     As to Count III, pursuant to Section 3D1.4(a) (c) (Determining the Combined Offense level), ~~one-half (1/2) unit should be~~ is disregarded

MTD
5-17-23

KBG
5/12/23

13

~~added because the offense level is 5 to 8 levels less~~ serious

~~than the Group with the highest level.~~

(d)     The total number of units for Counts I, II, and III ~~are two an~~d

~~one-half (2 1/2) units~~.    i s  2

$5 - 17 \cdot 23$

MTD

LBU  $5/17/23$

(6)     Pursuant to Section 3D1.4 (Determining the Combined Offense Level), ~~three~~

2 levels

~~(3) levels~~ should be added because the total number of units is 2 ~~1/2~~. This

places the offense level, after application of Section 3D1.4, at ~~forty-nine (49)~~.  48.

c.     **Repeat and Dangerous Sex Offender Against Minors:** The parties recommend

that five (5) levels should be added pursuant to Section 4B1.5(b)(a) because "defendant's instant

offense of conviction is a covered crime . . . and the defendant engaged in a pattern of activity

involving prohibited sexual conduct. . . ."

First, defendant's instant offense of conviction (Production of Child Pornography) is a

covered crime because it was perpetrated against a minor under Chapter 110 of title 18, United

States Code.

Second, defendant engaged in a "pattern of sexual activity involving prohibited sexual

conduct" because "on at least two separate occasions, the defendant engaged in prohibited sexual

conduct with a minor."

Therefore, the offense level, after the application of Section 4B1.5(b)(1), is ~~fifty-four (54)~~.  53

MTD

$5-17-23$

KBG

$5/17/23$



d.     **Other Chapter 3 Adjustments**:

(1)     **Acceptance of Responsibility**: The parties agree that three levels should be

deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated

acceptance of responsibility and timely notified the government of the defendant's intention to plead

guilty. The parties agree that the defendant's eligibility for this deduction is based upon information

presently known. If subsequent to the taking of the guilty plea the government receives new

evidence of statements or conduct by the defendant that it believes are inconsistent with defendant's eligibility for this deduction, the government may assert that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1.

MTD
S-17-23

e.  **Estimated Total Offense Level**: The parties estimate that the Total Offense Level is ~~fifty-one (51)~~ *50*. However, "an offense level of more than 43 is to be treated as an offense level of 43." USSG Ch.5, Pt.A, comment. (n.1).

KBG
5/17/23

f.  **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

7.  **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

a.  **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1)  **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

(2)  **Sentencing Issues:** ~~In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History.~~ The Defendant and the Government each reserve the right to challenge any Sentencing issue.

15

MTD  S-17-23
KBG  5/17/23

~~provided the Court accepts the plea, the agreed Total Offense Level and sentences the defend~~ant
~~within or above that range.~~

      **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **_OTHER:_**

      **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant

16

not maintain a post office box. In addition, as a condition of supervised release, defendant shall •
initially register with the state sex offender registration in Missouri, and shall also register with the
state sex offender registration agency in any state where defendant resides, is employed, works, or
is a student, as directed by the Probation Officer. The defendant shall comply with all requirements
of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which
defendant will be required to adhere. Violation of the conditions of supervised release resulting in
revocation may require the defendant to serve a term of imprisonment equal to the length of the term
of supervised release, but not greater than the term set forth in Title 18, United States Code, Section
3583(e)(3), without credit for the time served after release. The defendant understands that parole
has been abolished.

    **d.    Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section
3013, the Court is required to impose a mandatory special assessment of $100 per count for a total
of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant
toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory
special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after
May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of
$5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual
exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a)
(production of child pornography)).

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special
assessment imposed under 18 U.S.C. § 3013.

17

     **e.**     **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

     **f.**     **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

     **g.**     **Forfeiture:** The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following:

     a.     a.     a Black Skytech Tower AMD Ryzen 5 desktop computer;

     b.     a Black and Red 16GB Scan Disk Flash Drive;

     c.     an Xbox 360s console;

     d.     LG 24" computer monitor;

     e.     sex bondage equipment, sex swing, leg restraints, whip, condoms, bottles of lubricant;

     f.     pink dildo, rubber/plastic vagina, red vibrator;

     g.     Seagate Barracuda hard drive;

     h.     Samsung Galaxy Note 9;

     i.     GE X600 Digital camera;

j.  HC Micro SD Card with adapter;

k.  Samsung Chromebook;

l.  Adapta Micro SD card with adapter;

m.  Black zip ties;

n.  SanDisk Thumb Drive; and

o.  SentrySafe safe.

The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the

19

Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

20

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.      **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.      **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.   NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

5 - 4 - 2023
_____
Date

_____
MATTHEW T. DRAKE – 46499MO
Assistant United States Attorney

_____
Date

_____
MARK ANTHONY DAVIS
Defendant

_____
Date

_____
KEVIN GAU
Attorney for Defendant

22