UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20 CR 121 SEP |
| | ) | |
| MARK ANTHONY DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM AND
RESPONSE TO DEFENDANT'S MEMORANDUM**

Comes now the United States of America, by and through its attorneys, Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Matthew Drake, Assistant United States Attorney for said District, and files its sentencing memorandum:

On August 5, 2020, the Defendant was charged in a superseding indictment with three counts: Counts I and II being violations of Title 18 U.SC. § 2251(a) the sexual exploitation of children, which carry penalties of imprisonment of not less than 15 years nor more than 30 years per count; and Count III being a violation of Title 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography which carries a penalty of imprisonment on not more than 20 years.  On May 17, 2023, the Defendant pled guilty all three counts of the superseding indictment.  The Government reviewed the Final Pre-Sentence Report (PSR), believes it is accurate and correct and has no objections.

1

The PSR calculated the Defendant's Total Offense Level at 43. [1]  The PSR determined the Defendant's total criminal history score is nine and according to the sentencing table in USSG Chapter 5, Part A, a criminal history score of nine establishes a criminal history category of IV. (Doc. 106, PSR ¶ 85).   The PSR determined the Defendant's guidelines term to be imprisonment of 960 months. (Doc. 106, PSR ¶ 117).   The Government has also reviewed the Defendant's sentencing memorandum (Doc. 310) and responds accordingly herein.

The parties do not have an agreed upon sentencing recommendation.  After weighing the circumstances of this case, the Defendant's conduct, the sentencing factors set forth in 18 U.S.C. § 3553(a), the facts of the case, the impact on the victims and the circumstances particular to the Defendant, a sentence of 80 years in prison is warranted (30 years respectively on Counts I and II and 20 years on Count III – all to be run consecutive to one another).

This Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009).  Title 18, United States Code, Section 3553(a) sets fourth matters the Court must consider in imposing a sentence.  Section 3553(a) provide in pertinent part:

> Factors To Be Considered in Imposing a Sentence—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

---

[1] The PSR actually calculated the Total Offense Level as 53, but in those rare cases where the defendant's Total Offense Level is above 43 (the highest number on the chart), it is then treated as level 43.

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant;

The Government will address these factors respectively.  Consideration of these factors necessitates an 80-year sentence.

## A. Facts of the Case/ The Nature and Circumstances of the Offense

The Government believes that the facts as set forth in the plea agreement and in Part A of the PSR, the Offense Conduct section, outlined in paragraphs 16 through 23 thoroughly and accurately describe the facts of the case and nature and circumstances of this offense.  The nature and circumstances of the Defendant's offenses are horrific.  Given the appalling facts and circumstances identified in the PSR the Government will not recount those in this pleading.  Similarly, many of the facts are set forth in the plea agreement and do not need to be repeated here.  The Defendant's actions were barbaric and cruel, and he caused atrocious harm to his two children: K.D. who was 10 years old and L.D. who was 11 months at the time of the abuse.  The Defendant repeatedly abused his children and the abuse continued over an extended period of time.  His actions constitute a betrayal of the greatest magnitude. The Defendant's abuse of the victims also, in turn, victimizes their mothers, grandparents and other family members.  The PSR appropriately recalls the report of the forensic examiner stating "words do not come close to capturing the sheer brutality and tortuous sexual and physical abuse that [the children] bared at the hands of [their]father." (Doc. 106, PSR ¶ 18).

In addition to the physical, sexual and psychological abuse the Defendant caused to his own children, the victims of Count III are children who were utilized to make the graphic images of pornography and suffer unknown physical or psychological injuries because the children remain

3

unidentified.  According to the PSR the Defendant possessed 139 video files video files depicting minor children, some prepubescent, engaged in sexual activity with adults or other children. (Doc. 106, PSR ¶ 20).  The descriptions and details of the horrendous videos do not need to be recounted here, but notably they depict the victimization and torturous behavior against infants and toddlers. *Id.*  The seriousness and duration of the Defendant's offense conduct demonstrate the necessity of a guidelines sentence of 80 years.

The Eighth Circuit has treated sex offenses as serious crimes, upholding severe sentences. *United States v. Betcher*, 534 F.3d 820, 827-28 (8th Cir. 2008) (upholding as reasonable a 750-year sentence for a first-time offender, offense-level 52, who had taken pornographic pictures of five 8 to 11-year-old girls, including two of his granddaughters).  The Defendant's biological relation to his less than 10 year old victim, and less than one year old victim, and his status as a caretaker, needs no further commentary - it is a compounding aggravator in an already horrifying crime.  In *United States v. Raplinger*, the Eighth Circuit upheld as reasonable a 457-month sentence where the 34-year-old defendant enticed a 15-year-old victim into a long-term sexual and romantic relationship, produced child pornographic photos of her, and introduced her to other adults who had sexual contact with her. 555 F.3d 687, 689–695 (8th Cir. 2009). See *United States v. Beasley,* 688 F.3d 523, 535 (8th Cir. 2012)  (in a production of child pornography case upholding sentence of 3480 months as substantively reasonable).  A sentence of 80 years is also consistent with, and not disparate with other similarly situated defendants convicted of the same or similar crimes in this District. [2]

---

[2] See, *US v. Copp* 4:16-CR-159 SGF (Doc. 302 - sentenced to 780 months), *US v. Beasley* 4:10-CR-119 CEJ (Doc 224 - sentenced to 3480 months); *US v. Suellentrop* 4:17-CR 435 CDP ( Doc. 76 - sentenced to 1440 months); *US v. Beckler* 4:11-CR-374 RWS (Doc. 42 – sentenced to 660 months);  *US v. Lemicy* 4:19-CR-770 HEA (Doc. 288 - sentenced to 1440 months); *US v. Parsons* 4:08-CR- 518 CDP (Doc. 35 sentenced to 60 years; *US v. Greenwell* 4:09-

The Eighth Circuit is not alone in upholding sever sentences in these type of cases.  In *United States v. Vowell*, the Sixth Circuit upheld a 65-year sentence for a 40-year-old man who had sexual intercourse with his girlfriend's 8-year-old daughter, while being videotaped by his girlfriend. 516 F.3d 503, 511-13 (6th Cir. 2008).  In *United States v. Sarras*, the Eleventh Circuit affirmed as substantively reasonable a 100-year sentence where the defendant had several sexual encounters with a single 13-year-old girl for roughly one year and took explicit photographs of her. See 575 F.3d 1191, 1220 (11th Cir. 2009).  In *United States v. Johnson*, the Eleventh Circuit also upheld as reasonable a 140–year sentence where the defendant, with a criminal history category of I, abused and photographed three boys—Victim 1, from 8–15 years old, Victim 2, from 14–16 years old, and Victim 3, from 13–14 years old. See 451 F.3d 1239, 1244 (11th Cir. 2006).

## B.     History and Characteristics of the Defendant

The Defendant's history and characteristics also weigh strongly in favor of an 80-year sentence. According to the PSR the Defendant grew up in Iowa and had an extremely difficult childhood.  The Government does not dispute the Defendant's traumatic upbringing as outlined in the PSR and in the Defendant's sentencing memorandum.  (Doc. 310)  There is no doubt that his childhood had damaging effects.  However, what is troubling to the Government, and obvious, is that Defendant was in the highest position of trust to his children as their father and caregiver.  The Defendant did not suffer from a solitary lapse in judgment.  His conduct was calculated and premeditated.  For many months and on multiple occasions, he deliberately and consistently

---

CR-757 CAS (Doc. 136 - sentenced  to 1200 months); *US v. Gravenmier* 4:12-CR-464 JAR (Doc. 21 – sentenced to 600 months) – all being sexual exploitation of minors and production of child pornography cases.

elected to sexually abuse his children.

Additionally, the Defendant comes before this Court with a lengthy history of criminal behavior.  Beginning in 2004, the Defendant started what became an extensive criminal history with at least 15 criminal convictions, including multiple felonies.  Notably, the Defendant was convicted for multiple crimes of assault, violence and burglary.  (Doc. 106, PSR ¶ 69, 70, 73, 74, 75, 76, 80).  The Defendant's violent and assaultive behavior was not confined to his criminal convictions.  As the PSR identifies that the Defendant was also severely abusive to his partner J.H. on multiple occasions throughout their relationship. (Doc. 106, PSR ¶ 89).  The abuse described in the PSR is shocking.   Similar to J.H., the PSR points out that the Defendant was also manipulative, physically and emotionally abusive to another of his partners, S.A., during their relationship. (Doc. 106, PSR ¶ 90).  The Defendant consistently and repeatedly engaged in patterns of physical and emotional abuse to many of those around him – over the course of years.  Further, the PSR identifies that the Defendant engaged in a pattern of activity involving prohibited sexual conduct and, pursuant to the Guidelines, he is identified a repeat and dangerous sex offender against minors. (Doc. 106, PSR ¶ 53, 63).

The Government believes that a sentence of 80 years in prison adequately reflects the seriousness of the offense and provides just punishment for the offense for this Defendant.  In making a fair recommendation to the Court, the Government has considered the defendant's age, his personal history and characteristics, his criminal history, the information contained in the PSR, the young age of the victims, the number of victims, the type and degree of the abuse the Defendant caused to the victims, information received from the victims' mother and caregivers, and the specific facts in this case.

**C.**     **Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

Producing videos and images of the sexual abuse of multiple young children, his own children, is a serious offense and the guidelines reflect the seriousness of the crime.  In this case, the Defendant committed horrible acts of sexual and psychological abuse and recorded them.  The videos charged in Counts I and II are utterly horrific and heartbreaking.  They depict the Defendant filming and recording the violent sexual abuse of his children who cried and begged for him to stop.  The victims were physically and emotionally harmed and scared by the Defendant's actions and will be forever.

Victimizing children is one of the worst crimes that a person can commit and that is one reason why the Government believes 80 years imprisonment is appropriate in this case. The children of the Defendant's crimes must live and cope with the trauma associated with their sexual abuse for the rest of their lives.  The trauma of sexual abuse stays with a person forever, affecting all aspects of their lives to include their judgement, growth, behavior, and future relationships.

**D.**     **To Afford Adequate Deterrence to Criminal Conduct and To Protect the Public from Further Crimes of the Defendant**

Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is a very important factor when considering an appropriate sentence in child exploitation cases. Reasonable yet firm sentences are necessary in these cases to protect more children from becoming victims.  As this Court is aware, and as is reflected in the number of cases occurring in this District alone, the number of child pornography cases are significant.  Firm prison sentences are necessary to deter the production of child pornography. It is axiomatic that hands-on sexual

abuse inflicts upon its victim enormous, devastating, and long-lasting harm.  Indeed, child sexual abuse "is grossly intrusive in the lives of children and is harmful to their normal psychological, emotional and sexual development in ways which no just or humane society can tolerate." See *Kennedy v. Louisiana*, 554 U.S. 407, 468 ((2008). Those years of anguish can include sudden school failure, unprovoked crying, dissociation, depression, insomnia, sleep disturbances, nightmares, feelings of guilt and inferiority, and self-destructive behavior, including an increased incidence of suicide. *Id*. at 468.

 "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Here, the seriousness of the crimes, taken with the need for just punishment and the goal of promoting respect for the law, weigh heavily in favor of an 80-year sentence.

Two factors combine to make the Defendant an extraordinary danger to the community, now and decades from now.  First, the Defendant possessed a large child pornography collection that included videos depicting the bondage and physical torture of toddlers. These are victims other than the 10 year old and 11 one-year-old victims.  Second, whether driven by pedophilic urges, sadism, or some other motivation the Defendant was brazen enough to repeatedly and violently sexually abuse not just any infant, but his own biological children.  The trauma associated with his actions cannot be overstated.

A sentence of 80 years imprisonment followed by a term of life on supervised release serves as a just deterrent for criminal conduct for this particular defendant.  Such a sentence also reasonably assures to protect the public from any further crimes.

## <u>Conclusion</u>

The Government hereby requests that the Court sentence the Defendant to 80 years in prison.                                                        Respectfully submitted,

SAYLR FLEMING
United States Attorney

_s/ Matthew T. Drake_
MATTHEW T. DRAKE – 46499MO
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63l02
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by email upon the following:

Kevin Gau Counsel for Defendant

> *s/ Matthew T. Drake*
> MATTHEW T. DRAKE – 46499MO
> Assistant United States Attorney
> 111 S. 10th Street, Room 20.333
> St. Louis, Missouri 63l02
> (314) 539-2200

10